# UNITED STATES DISTRICT COURT

for

## EASTERN DISTRICT OF NORTH CAROLINA
## SOUTHERN DIVISION

**U.S.A. vs. Christopher Deshawn Williams**          **Docket No. 7:08-CR-22-1**

### Petition for Action on Supervised Release

COMES NOW John A. Cooper, probation officer of the court, presenting a petition for modification of the Judgment and Commitment Order of Christopher Deshawn Williams, who, upon an earlier plea of guilty to 18 U.S.C. §§ 922 (g)(1) & 924, Possession of a Firearm by a Convicted Felon, was sentenced by the Honorable Louise W. Flanagan, Chief U.S. District Judge, on October 14, 2008, to the custody of the Bureau of Prisons for a term of 20 months. It was further ordered that upon release from imprisonment the defendant be placed on supervised release for 36 months. On November 9, 2009, Mr. Williams appeared before the court for a revocation hearing and was sentenced to an 11 month term of imprisonment with a 24 month term of supervision to follow under the standard conditions adopted by the court and the following additional conditions:

1.  The defendant shall participate as directed in a program approved by the probation office for the treatment of narcotic addiction, drug dependency, or alcohol dependency which will include urinalysis testing or other drug detection measures and may require residence or participation in a residential treatment facility.

2.  The defendant shall participate in a program of mental health treatment, as directed by the probation office.

3.  The defendant shall consent to a warrantless search by a United States Probation Officer or, at the request of the probation officer, any other law enforcement officer, of the defendant's person and premises, including any vehicle, to determine compliance with the conditions of this judgment.

4.  While under supervision in the Eastern District of NC, the defendant shall participate in the DROPS Program and, in response to detected illegal drug use, shall be confined in the custody of the Bureau of Prisons for a period not to exceed 30 days of intermittent confinement, as arranged by the probation office, in the following increments: First Use - Two Days; Second Use - Five Days; Third Use - Ten Days.

5.  The defendant shall participate in a vocational training program as directed by the probation office.

6.  The defendant shall cooperate in the collection of DNA as directed by the probation officer.

Christopher Deshawn Williams was released from custody on August 10, 2010, at which time the term of supervised release commenced.

## RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

Upon release, Williams resided with his uncle in White Oak, NC, which is located in a rural area of Bladen County, NC, approximately 75 miles from the probation office in Wilmington, and at least 25 miles from all contract treatment providers. As such, it was difficult for him to seek employment and comply with the other conditions of supervision. Mr. Williams incurred a violation on September 16, 2010, when he tested positive for marijuana. A Violation Report was submitted to the court recommending a two day jail sanction pursuant to the DROPS program. However, as of this date, the Bureau of Prisons has not scheduled this sanction to begin. Mr. Williams reported to the probation office on December 6, 2010, and submitted to urine testing and the result was positive for marijuana. Williams also reported he was recently charged in Bladen County with No Operator's License, Expired Registration Violation, and Operating a Motor Vehicle Without Insurance. These charges are pending trial on December 29, 2010. Consequently, Mr. Williams is in violation of his supervision, and understands he needs to get himself stabilized and in compliance immediately or face court action. As such, he has moved to Wilmington, NC, and we have re-instated him in an outpatient substance abuse testing and treatment program, and he should have a much better opportunity for employment. Therefore, we recommend the court continue supervision, but modify the conditions striking the original two day jail sanction, and in lieu thereof, require Williams to serve a 5 day jail sanction.

The defendant signed a Waiver of Hearing agreeing to the proposed modification of supervision.

**PRAYING THAT THE COURT WILL ORDER** that supervised release be modified as follows:

1.  The two day jail sanction imposed pursuant to the DROPS program shall be stricken.

2.  The defendant shall be confined in the custody of the Bureau of Prisons for a period of 5 days, and shall abide by all rules and regulations of the designated facility.

    Except as herein modified, the judgment shall remain in full force and effect.

Reviewed and approved,

I declare under penalty of perjury that the foregoing is true and correct.

 /s/ Kevin L. Connolley
Kevin L. Connolley
Supervising U.S. Probation Officer

 /s/ John A. Cooper
John A. Cooper
U.S. Probation Officer
2 Princess Street, Suite 308
Wilmington, NC 28401-3958
Phone: (910) 815-4857
Executed On:   December 7, 2010

## ORDER OF COURT

Considered and ordered this 7th day of Dec ____, 2010, and ordered filed and made a part of the records in the above case.

Louise W. Flanagan
Chief U.S. District Judge