IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 7:08-CR-22-FL-1
NO. 7:12-CV-214-FL

| | | |
|---|---|---|
| CHRISTOPHER DESHAWN WILLIAMS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter comes before the court on the government's motion for revocation of supervised release (DE # 52) and petitioner's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence (DE # 62). The government, in response to the § 2255 petition, concedes that petitioner's motion to vacate sentence should be granted.

On May 5, 2008, petitioner pleaded guilty to felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924. The court sentenced petitioner on October 14, 2008, to a term of twenty months' imprisonment, followed by a three-year term of supervised release. Petitioner was released from custody on April 27, 2009, and the term of supervised release commenced. However, on November 9, 2009, petitioner's supervised release was revoked, where petitioner had absconded from supervision, and the court imposed an additional term of incarceration of eleven months followed by an additional twenty-fourth months of supervised release. Petitioner was again released from prison on August 10, 2010. On June 20, 2012, the instant motion for revocation of supervised release was filed, where petitioner pleaded guilty in New Hanover County on May 24, 2012, to possession of marijuana and drug paraphernalia, failed to notify his probation officer of this

arrest, later failed on several occasions to report to the probation officer as directed, and tested positive for marijuana use in urine testing conducted October 25, 2011, and January 19, 2012. The court issued warrant on June 20, 2012, which warrant was returned executed on June 25, 2012. United States Magistrate Judge William A. Webb presided over petitioner's initial appearance on July 6, 2012, and petitioner was remanded into custody of the United States Marshal pending further proceedings before this court.

In light of <u>United States v. Simmons</u>, 649 F.3d 237 (4th Cir. 2011) (en banc), petitioner does not have a prior conviction of a crime punishable by imprisonment for a term exceeding one year. A necessary element of the crime of conviction is therefore lacking. <u>See</u> 18 U.S.C. § 922(g)(1). Where the government waives any statute of limitations defense to petitioner's § 2255 motion and concedes that petitioner's motion to vacate sentence should be granted, and where the court, having reviewed the record, finds petitioner's motion meritorious, said motion is GRANTED as follows. Judgment of conviction and sentence dated October 14, 2008, and judgment dated November 9, 2009, are VACATED. The motion for revocation of supervised release (DE # 52) is DENIED, and the clerk of court shall remove from the court's calendar the hearing scheduled for October 17, 2012, at 9:30 a.m. Petitioner is ORDERED to be released from federal custody, subject to pending detainers, if any, unless some cause be shown by the government on or before noon on August 27, 2012, why petitioner is not now entitled to this relief.

SO ORDERED, this the 24th day of August, 2012.

LOUISE W. FLANAGAN
United States District Judge

2